ARCHIBALD N. McBEAN, Appellant, v. WILLIAM McCALLUM, Respondent.

*Damages for breach of a contract to exchange real property — when a decision of the trial court will not be interfered with.*

In an action brought to recover damages for the breach of a contract for the exchange of real property, where the facts are peculiar and there is no fixed legal rule of damages which would apply specially to the case, and where it cannot be gathered from the testimony that the plaintiff sustained damages beyond the amount which he was awarded, and no specific rule of law in relation to the damages has been violated, the decision of the trial court will not be interfered with upon appeal by the plaintiff from a judgment in his favor.

APPEAL by the plaintiff, Archibald N. McBean, from so much of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 17th day of August, 1894, upon the decision of the court rendered after a trial at the Kings County Special Term, as orders, adjudges and decrees that the plaintiff herein recover of the defendant the sum of $200 as damages, and limits said damages to said sum of $200.

*Alexander S. Bacon,* for the appellant.

*Ralph E. Prime,* for the respondent.

DYKMAN, J.:

This is an appeal by the plaintiff from a judgment in his favor. An action was brought to recover damages against the defendant for a breach of contract for the exchange of real property between them. The action was tried before a judge without a jury, and he decided in favor of the plaintiff, and fixed the damage at $200.

The appeal is upon the ground that the court erred as to the

measure of damages, which the plaintiff insists should have been much larger. The facts are that the plaintiff was the owner of a house and some land in the city of Brooklyn, and the defendant was the owner of land in the city of Yonkers. A written contract for the exchange of property between them was made and signed by the parties, and when they met to close the transaction the land of the plaintiff was found to be incumbered beyond the knowledge of the defendant, and he refused to carry the contract into execution.

The sole question involved in the appeal is one of damages.

In this case the facts seem to be peculiar, and there is no fixed legal rule of damages which would apply to this case specially.

It cannot be gathered from the testimony that the plaintiff sustained damages beyond the amount which was awarded to him by the trial judge, and as no specific rule of law in relation to the damages has been violated, we see no reason for interference with the decision upon that sole ground. The finding of the trial judge in respect to the damages should be treated the same as the verdict of a jury, and if this action had been tried before a jury, and a verdict rendered in favor of the plaintiff for $200, the appellate court would not feel at liberty to interfere with the verdict. As the same rule should apply to this case, we think the judgment should be affirmed, with costs.

BROWN, P. J., concurred ; PRATT, J., not sitting.

Judgment affirmed, with costs.